UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMON LEE PETRIE,

        Petitioner,

        v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 05-937-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

        Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and subsequently was appointed counsel. The petition was held in abeyance pending disposition of *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793 (2007)[1]. Following issuance of the *Burton* decision, this matter became fully briefed and was taken under advisement. Having reviewed the

---

[1] In *Burton*, the Supreme Court granted *certiorari* to consider whether *Blakely v. Washington*, 542 U.S. 296 (2004), announced a new rule and, if so, whether it applies retroactively on collateral review. The Court did not reach these questions, however, because it determined that the district court lacked jurisdiction to consider the petition. *Burton*, 127 S.Ct. at 794, 796.

1 -- OPINION AND ORDER

record and both parties' arguments, this court concludes oral argument is unnecessary in this matter.

Petitioner challenges the upward departure in his sentencing for attempted aggravated murder, first-degree assault, first-degree escape, two counts of unauthorized use of a motor vehicle, first-degree burglary, two counts of first-degree theft, and being a felon in possession of a weapon. His challenges include assertions that: (1) he was coerced to waive his right to a jury trial by the trial judge and prosecutor; (2) the trial judge and prosecutor violated their official oaths; (3) his upward departure and consecutive sentences were unlawful; (4) his earlier conviction for a non-person crime was relied upon wrongfully to escalate his sentence; (5) the trial judge conducted plea negotiations and sentencing unlawfully ; (6) pervasive fraud in state court precluded him from receiving a fair hearing; (7) his right to a jury trial was violated; (8) his sentence was unconstitutionally cruel and unusual, and (9) he was denied constitutional immunities. For the following reasons, the petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

There is no material dispute among the parties regarding the dispositive facts. The following is a brief summary of those facts.

Petitioner's convictions arose from a single incident. Officer Humphrey arrested petitioner on a concealed weapons charge. Officer Humphrey handcuffed petitioner and placed him in a police patrol car. Officer Parrish arrived at the scene and examined seized evidence with Officer Humphrey behind petitioner's car. Petitioner moved into the driver's seat of the patrol car and drove the car into and over Officer Parrish repeatedly until Officer Humphrey shot petitioner. Officer Parrish suffered severe injuries and was confined to a wheelchair at the time of trial.

On August 1, 1994, petitioner was convicted of nine felonies in Umatilla County Circuit Court. Petitioner waived jury trial and was found guilty of attempted aggravated murder and first-degree assault after a bench trial. Petitioner pled guilty to first-degree escape, two counts of unauthorized use of a motor vehicle, first-degree burglary, two counts of first-degree theft, and being a felon in possession of a weapon. In sentencing, the court imposed "durational departures" on the attempted aggravated murder and assault convictions. *See State v. Petrie*, 912 P.2d 913, 914 (Or. Ct. App. 1996). The court imposed "dispositional departures" on the other convictions. *Id*. The court imposed departure sentences based on aggravating factors determined at sentencing. Petitioner's sentences for attempted aggravated murder, first-degree assault, first-degree escape, first-degree burglary, and being a felon in possession of a weapon were ordered to be served consecutively. The court ordered the other sentences to be served concurrently. In total, the court sentenced petitioner to 422 months' imprisonment.

Petitioner appealed his convictions directly, asserting Oregon state law issues. The Oregon Court of Appeals affirmed petitioner's convictions but remanded for resentencing. Petitioner did not seek review by the Oregon Supreme Court.

At resentencing on May 1, 1996, the court imposed departure and consecutive sentences totaling 422 months. Petitioner appealed this judgment. The Oregon Court of Appeals affirmed without an opinion on February 7, 1997. Petitioner did not seek review by the Oregon Supreme Court.

After his direct appeal, petitioner filed a petition for post-conviction relief (PCR) on November 21, 1997. The PCR trial court issued an opinion denying relief that included specific factual findings and conclusions of law. Petitioner appealed this ruling. The Oregon Court of Appeals affirmed without an opinion, and the Oregon Supreme Court denied review.

Petitioner filed a successive petition for PCR on September 15, 2004, asserting claims, in part, under *Blakely v. Washington*, 542 U.S. 296 (2004). The court dismissed the petition on the state's motion. The Oregon Court of Appeals affirmed in a written opinion. The Oregon Supreme Court denied review.

Petitioner filed his § 2254 petition in this court on June 21, 2005, and was subsequently appointed counsel.

## QUESTION PRESENTED

In his petition, filed *pro se*, petitioner argued that his sentences are unconstitutional on several grounds. As noted above, petitioner asserted that: (1) he was coerced to waive his right to a jury trial by the trial judge and prosecutor; (2) the trial judge and prosecutor violated their official oaths; (3) his upward departure and consecutive sentences were unlawful; (4) his earlier conviction for a non-person crime was relied upon wrongfully to escalate his sentence; (5) the trial judge conducted plea negotiations and sentencing unlawfully; (6) pervasive fraud in state court precluded him from receiving a fair hearing; (7) his right to a jury trial was violated; (8) his sentences were unconstitutionally cruel and unusual, and (9) he was denied constitutional immunities. Appointed counsel, after examining the petition, emphasized the third ground above and advanced the primary argument that petitioner's "upward departure and consecutive sentences violated his Sixth Amendment right to a jury trial, as recognized in *Blakely v. Washington*, 542 U.S. 296 (2004)." Pet'r's Mem. in Supp. of Petition for Writ of Habeas Corpus at 1. The court has examined petitioner's claims and respondent's arguments. This court concludes that this petition is time-barred under the applicable one-year statute of limitations.

**STANDARDS**

A writ of habeas corpus shall not be granted pursuant to any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was: (1) contrary to, or involved an unreasonable application of, clearly established law; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d)(1) and (2).

The Ninth Circuit has held that the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to state prisoners "in custody pursuant to the judgment of a State court, even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004).

A petitioner is allowed "just 365 days to complete the entire process of filing a fully-exhausted federal habeas petition." *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002); Pub. L. No. 104-132, 110 Stat. 1214.

Under 28 U.S.C. § 2244(d)(1), the limitation period begins to run from the latest of four possible dates. Specifically, the statute provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(1)-(2).

## ANALYSIS

### 1.  *Blakely* does not apply retroactively to petitioner

The court has considered the supplemental briefs submitted by petitioner, the responses filed by the government, and the record of this case. An evidentiary hearing in this matter is unnecessary.

In his supplemental briefing, petitioner argues that his upward departure and consecutive sentences violate his Sixth Amendment right to a jury trial. Specifically, petitioner argues that his sentences violate the rule recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as articulated by the Supreme Court in *Blakely*, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). In *Blakely*, the Supreme Court held that the relevant "statutory maximum" for *Apprendi* purposes is generally the sentencing guideline maximum, because that is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 524 U.S. at 303 (emphasis in original).

6  -- OPINION AND ORDER

This interpretation of *Apprendi* announced a new rule that was neither compelled by existing precedent nor apparent to all reasonable jurists. *Morris v. United States*, 333 F. Supp. 2d 759, 770 (C.D. Ill. 2004). "In fact, before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum." *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004) (citations omitted); *see also United States v. Alvarez,* 358 F.3d 1194, 1211-12 (9th Cir. 2004). Although *Blakely* announced a newly recognized constitutional right, the Court did not determine if the right applied retroactively to cases on collateral review.

In *Dodd v. United States*, 545 U.S. 353, 354 (2005), the Supreme Court addressed when the statute of limitations begins to run if a newly recognized right is not made retroactive in the original decision. After interpreting 28 U.S.C. § 2255 ¶ 6(3)[2], the Court held that the one-year period ran from the date on which the right was recognized, not on the date the right was made retroactive. *Id.* at 357. The Court concluded that the statute "unequivocally identifies one, and only one date from which the 1-year limitation period is measured: the date on which the right asserted was initially recognized by the Supreme Court." *Id.* (internal quotation and citation omitted).

Petitioner timely filed his petition in this court on June 21, 2005, within one year from the date of the *Blakely* decision issued on June 24, 2004. However, even though petitioner

---

[2] Section 2255 ¶ 6(3) provides that the one-year statute of limitations shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review [.]"

The petitioner in *Dodd* was a federal prisoner filing under 28 U.S.C. § 2255, requiring the Court to interpret the statute of limitations found in § 2255 ¶ 6(3). The petitioner in this case is a state prisoner filing under 28 U.S.C. § 2254. Therefore, § 2244(d)(1)(C) is the statute of limitations provision at issue. The language of the two statute of limitations provisions is materially identical. Therefore, the Court's interpretation of § 2255 ¶ 6(3) is equally applicable to § 2244(d)(1)(C). *See Thomas v. Clarke,* 2007 WL 130805, at * 1  (W.D.Wash. Jan.16, 2007).

7  -- OPINION AND ORDER

succeeded in filing within one year of the *Blakely* decision, the triggering date for the statute of limitations specified in § 2244(d)(1)(C) is relevant only if the right announced in *Blakely* is retroactively applicable to petitioner.

In order for a right initially recognized by the Supreme Court to apply, two predicates must exist: (1) the right has been newly recognized by the Supreme Court, and (2) the right has been made retroactively applicable to cases on collateral review. *Dodd*, 545 U.S. at 358.

In *Burton v. Stewart*, 127 S.Ct. 793 (2007), the Supreme Court granted *certiorari* to consider, in part, whether *Blakely* applies retroactively. The Court did not reach the question, however, because it determined that the district court lacked jurisdiction to consider the petition. *Id*. at 794, 796.

Notwithstanding the Supreme Court's silence, the Ninth Circuit has held that "*Blakely* does not apply retroactively to convictions that became final prior to its publication." *Schardt v. Payne*, 414 F.3d 1025, 1027 (9th Cir. 2005). In *Schardt,* the petitioner's conviction became final on December 22, 2000, several years before *Blakely* was announced on June 24, 2004. *Id*. at 1034. The *Schardt* court laid out a three-part test for determining retroactive application of a Supreme Court decision, and concluded that the rule announced in *Blakely* does not apply retroactively to convictions that became final before the *Blakely* decision was issued. *Id*. at 1033-36, 1038 (citing *Teague v. Lane*, 489 U.S. 288 (1989)). The Ninth Circuit concluded in *Schardt* that the state court's sentencing decision could not be challenged in a petition for habeas corpus because the rule from *Blakely* did not apply retroactively to a petitioner's conviction that was final before publication of the *Blakely* decision. *Id*. at 1038.

This case is virtually indistinguishable from *Schardt*. Petitioner's claims fail because *Blakely* does not apply retroactively to cases that were final on direct review before *Blakely* was

8 -- OPINION AND ORDER

decided on June 24, 2004. It is undisputed that petitioner's sentence became final before the *Blakely* decision.

Petitioner argues that *Schardt* was incorrectly decided, and that the retroactive application of *Blakely* remains ultimately unresolved in light of the limited scope of the Supreme Court's ruling in *Burton*. Although it is true that the retroactive application of *Blakely* has not yet been squarely resolved by the Supreme Court, the Ninth Circuit has determined that *Blakely* does not apply retroactively to cases on collateral review. Petitioner's arguments that *Schardt* is incorrect are rejected. Accordingly, the new rule announced in *Blakely* does not apply to petitioner because his conviction became final before the *Blakely* decision.

## 2. Petitioner's writ is untimely

The statute of limitations for § 2254 petitions is one year from the latest of (A) the date the judgment of conviction becomes final; (B) the date an unlawful or unconstitutional government-created impediment to filing has been removed; (C) the date on which the right the petitioner is asserting was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the petitioner's claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). As determined above, subsection (C) is unavailable to petitioner because *Blakely* does not apply retroactively. Petitioner does not argue that either subsection (B) or (D) applies to him, and this court finds no grounds to so assert. Therefore, petitioner must proceed under subsection (A), and petitioner must show that he filed his petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

9 -- OPINION AND ORDER

Petitioner had one year from February 7, 1997, the day his direct appeal was final, to file his petition for relief in this court.  Periods when post-conviction claims or requests for other collateral remedies remain pending are excluded from the calculation of that year.  28 U.S.C. § 2244(d)(2). Taking into account the applicable tolling, well over a year (at least 1,678 days) elapsed before petitioner filed his federal petition.[3]  This total establishes that the one-year statute of limitations imposed by the AEDPA has been exceeded.

**CONCLUSION**

For the reasons provided above, the court denies the Petition for Writ of Habeas Corpus [1] filed by Damon Lee Petrie under 28 U.S.C. § 2254.   This action is dismissed with prejudice.  Any other motions are denied as moot.

IT IS SO ORDERED.

DATED this   10    day of October, 2008.

    /s/ Ancer L. Haggerty    
Ancer L. Haggerty
United States District Judge

---

[3]  Petitioner initiated his petition for state post-conviction relief on November 21, 1997, which was 287 days after February 7, 1997, the day his direct appeal was final.  The appellate judgment regarding his claim for post-conviction relief issued on November 24, 2000.  Petitioner filed a successive petition for state post-conviction relief on September 15, 2004.  During this period 1,391 days passed.  After petitioner filed a petition for writ of habeas corpus in this court on June 21, 2005, the appellate judgment regarding his successive petition issued on October 19, 2006.  The period of 1,391 days, when added to the period that elapsed between petitioner's direct appeal and his state petition for post-conviction relief, totals 1,678 days.

10  -- OPINION AND ORDER